NO.____ FILED
A.M.____ P.M.____

SEP 04 2012

CHRISTOPHER D. RICH, Clerk
By CHRISTINE SWEET
DEPUTY

Wm. Breck Seiniger, Jr. (ISB#2387)
SEINIGER LAW OFFICES, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

*Attorneys for Plaintiff*

**IN THE DISTRICT COURT FOR THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA**

**Rosalinda Harn,** *by Michael Colin Harn, Court Appointed Guardian for Rosalinda Harn*

***Plaintiff***

*v.*

**Nationwide Mutual Insurance Company** *d.b.a.* **Nationwide** *and* **Scottsdale Insurance Company** *and* **John Does I through X** *whose true identities are unknown.*

***Defendants***

**Case No.** CV OC 1215938

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW THE PLAINTIFF, through counsel, and alleges as follows:

**JURISDICTION AND VENUE**

1. This District Court has jurisdiction of this matter in pursuant Idaho Code §1-705 and the amount in controversy exceeds $10,000, and under Idaho Code Title 67 Chapter 59.

2. The Plaintiff, Rosalinda Harn, resides in the City of Nampa, Canyon County, Idaho.

3. Defendant Nationwide Mutual Insurance Company *d.b.a.* Nationwide maintains its principle place of business is located at Nationwide World Headquarters, One Nationwide Plaza, Columbus, OH 43215–2220.

4. At all relevant times herein, Defendant Nationwide Mutual Insurance Company did business within the State of Idaho.

5. Defendant Scottsdale Insurance Company, is a foreign corporation doing business at all relevant times herein within the State of Idaho.

6. Defendant Scottsdale Insurance Company represents itself to be "A Nationwide Company." Upon information and belief, Defendant Scottsdale Insurance Company is a wholely owned subsidiary of Defendant Nationwide Mutual Insurance Company.

7. Defendant Scottsdale Insurance Company issued its policy of insurance number CLS1444137 to Spectra Productions, Inc., an Idaho Corporation, doing business in Idaho.

8. Defendant Scottsdale Insurance Company was at all relevant times herein the insure of Spectra Productions, Inc., an Idaho General Business Corporation doing business at all relevant times herein in Ada County.

9. Plaintiff Michael Colin Harn is the court-appointed legal guardian of Rosalinda Harn. An authentic copy of the Letters of Guardianship appointing Mr. Harn as guardian of the Plaintiff is attached hereto as Exhibit A.

10. Defendants John Does I though X, whose true identities are unknown, are individuals or entities that are aliases of, agents of, employees of, independent contractors

of, assignees of, representatives of, owners of, successors of, or otherwise unknown individuals or entities responsible for the acts committed herein.

11. Venue lies in this Court under Idaho Code §5-404.

**NATURE OF THIS CASE**

12. This is an action to recover benefits under Scottsdale Insurance Company Policy No. CLS1444137 issued to Spectra Productions, Inc. covering the policy period of October 21, 2007 to October 21, 2008, and for additional relief. This policy is referred to hereinafter simply as "the Scottsdale Policy."

13. Plaintiff submitted a claim to, and brought suit against Spectra Productions, Inc. in Ada County Case No. CI OC 0919851. Ada County Case No. CI OC 0919851 is referred to hereinafter as "the underlying case."

14. The Defendants in the underlying case (Spectra Productions, Inc., Beale and Armentrout) timely tendered the defense of the underlying case to Defendant Scottsdale Insurance Company.

15. After Defendant Scottsdale Insurance Company denied the tender, any duty to defend the underlying case, and coverage of the occurrences and causes of action alleged by Plaintiff in the underlying case. However, Defendant Scottsdale Insurance Company did not file a declaratory judgment action seeking a judicial declaration that it had no such obligations.

16. After Defendant Scottsdale Insurance Company refused to provide Spectra Productions, Inc., Beale and Armentrout with a defense in the underlying action, Spectra Productions, Inc., Beale and Armentrout agreed to settle the underlying case brought

against them by the Plaintiff on the basis of a consent judgment and covenant not to execute.

**FACTS IN THE UNDERLYING CASE**

17. David L. Beale is a resident of Ada County and at all relevant times herein was the President of Spectra Productions, Inc.

18. Carla Armentrout is a resident of Ada County and at all relevant times herein was an employee of Spectra Productions, Inc.

19. Plaintiff is confined to a reclining wheelchair/gurney after being paralyzed as a result of an automobile accident on April 4, 1986. The at-fault driver in the said accident was operating a motor vehicle under the influence of alcohol.

20. Plaintiff is unable to speak or move her body. Plaintiff understands conversation and communicates by blinking her eyes.

21. Plaintiff is cared for by Plaintiff's husband Michael Colin Harn, who is the Plaintiff's legal guardian.

22. Mr. Harn is on disability retirement and provides the Plaintiff with full-time care and assistance.

23. For over twenty years, the Plaintiff has volunteered to attend during speaking engagements and lectures for Mothers Against Drunk Driving ("MADD") and the Idaho Department of Transportation, Office of Highway Safety, in Idaho grade, middle, high schools, and at the University of Idaho around of State of Idaho, the Court Referral Service (victims panels), and at various events in Idaho and other states in the Pacific Northwest for the purpose of allowing young people and adults to have a first-hand look at the divesting results that can occur to innocent victims of drunk driving.

24. Plaintiff has appeared at hearings on alcohol related issues before the Idaho State Legislature.

25. Plaintiff has traveled across the United States with her caretakers, at the Harns' own expense, as part of educational programs about the dangers of drinking and driving.

26. On August 19, 2008, Plaintiff's husband Michael Colin Harn, who is the Plaintiff's legal guardian, and Loleeta Wine, a retained full-time caregiver and attendant for the Plaintiff, took Plaintiff to the Western Idaho State Fair to volunteer in the Center Expo Building at the "Mothers Against Drunk Driving" (MADD) booth.

27. At all relevant times herein the Plaintiff was situated on a gurney and located near the MADD both for the purpose of demonstrating the severity of the consequences of drunk driving.

28. Spectra Productions, Inc. leases spaces in the Expo Building from Ada County, the owners of the Western Idaho Fairgrounds, and in turn leases spaces to vendors for its own profit.

29. For all practical purposes Spectra Productions, Inc. operates and has control of the Expo Building during the Western Idaho Fair.

30. While Plaintiff, Plaintiff's husband, Michael Colin Harn, Ms. Wine, and others such as, Richard Ciralli, and Connie Shumaker, were at the Center Expo Building staffing the MADD booth or bystanders, Armentrout, who represented herself as (and was) a Spectra Productions Supervisor, approached Plaintiff and other previously listed persons and made the following statement: "Please take that woman, [referring to Plaintiff] out of here.", "I want that woman off the premises.", and told Mr. Harn that she was "too graphic."

31. Armentrout advised Ms. Wine that gurneys were not allowed in the Expo Building at the Western Idaho Fairgrounds.

32. Other attendees of the Fair, heard Armentrout say that she was not kidding, was asking Mr. And Mrs. Harn to leave, and that Mrs. Harn was offensive.

33. Plaintiff's husband Michael Colin Harn responded by asking, "Why?" to which Armentrout responded, "Because she [referring to Plaintiff] is too graphic and other customers are complaining." Michael Colin Harn asked Armentrout to "Have your boss come and tell me that."

34. Armentrout left and returned a short time later and said that he boss (upon information and belief to be Beale) was too busy and he told Armentrout to instruct Mr. Harn to take her [Plaintiff] out of the Fair Grounds.

35. Michael Colin Harn said, "That won't happen in my lifetime," and he refused to leave.

36. Armentrout then called security and two officers arrived and stood by monitoring the surroundings close to where Plaintiff was located.

37. Michael Colin Harn asked the security officers what they intended to do?

38. One of the security officers said, "We are here just to keep the peace."

39. Michael Colin Harn told the officers, "There would be no trouble, however, my wife is a paying customer and we are not leaving."

40. Eventually the Plaintiff, Michael Colin Harn and Loleeta Wine left the Western Idaho Fairgrounds, because they did not feel welcome there.

41. The conduct of Spectra Productions, Inc. and its agents and employees was, at a minimum, reckless.

42. As a direct and proximate result of the conduct of Spectra Productions, Inc. and its agents and employees, the Plaintiff suffered extreme and severe emotional distress, humiliation, embarrassment, and mental pain and suffering.

43. The conduct of Spectra Productions, Inc.'s agents and employees was authorized or ratified by the Spectra Productions, Inc.

**TENDER OF THE DEFENSE OF THE UNDERLYING ACTION TO DEFENDANT SCOTTSDALE INSURANCE COMPANY**

44. Plaintiff is an individual injured at an event covered by the Scottsdale Policy during the Scottsdale Policy period as alleged with further particularity below.

45. Spectra Productions, Inc. made a timely demand for a defense of the underlying action and for indemnification under the Scottsdale Policy.

46. The Complaint in the underlying action alleged, amongst other things, that Plaintiff had suffered damages including emotional distress as a result of the Spectra Productions, Inc.'s agents' and employees' "reckless" conduct.

47. The Policy covers occurrences caused by reckless conduct.

48. Spectra Productions, Inc. provided Defendant Scottsdale Insurance Company with a copy of the complaint in the underlying case.

49. Defendant Scottsdale Insurance Company was aware at all relevant times that the complaint in the underlying case alleged reckless conduct.

50. Spectra Productions, Inc. fulfilled all conditions required of it under the Policy with respect to its demand for a defense in the underlying case, or was prevented from doing so by Defendant Scottsdale Insurance Company.

51. Spectra Productions, Inc. fulfilled all conditions required of it under the Policy with respect to its demand for indemnification with respect to its liability in the

underlying case, or was prevented from doing so by Defendant Scottsdale Insurance Company.

52. Defendant Scottsdale Insurance Company was obligated under the Scottsdale Policy to provide Spectra Productions, Inc. with a defense of that action, and indemnification of any damages for which Spectra was ultimately held liable to the Plaintiff.

53. Defendant Scottsdale Insurance Company in breach of its obligations under the Policy and in bad faith denied Spectra Productions, Inc.'s demand referenced in ¶45.

54. Defendant Scottsdale Insurance Company in breach of its obligations under the Policy and in bad faith denied a defense to Spectra Productions, Inc. and its agents named as Defendants in the underlying case.

55. Defendant Scottsdale Insurance Company in breach of its obligations under the Policy and in bad faith also denied that Plaintiff's claim was a covered event under the Scottsdale Policy.

56. Defendant Scottsdale Insurance Company also in breach of its obligations under the Policy and in bad faith denied that the event at which the Plaintiff was injured was a covered under the Scottsdale Policy.

57. Defendant Scottsdale Insurance Company also in breach of its obligations under the Policy and in bad faith denied any duty to indemnify Spectra Productions, Inc. or its agents and employees for any liability that they might have to Plaintiff.

58. As a result of Defendant Scottsdale Insurance Company's continuing denial of its duties and obligations to Spectra Productions, Inc., Spectra Productions, Inc. settled the underlying case upon the basis of a consent to judgment and covenant not to execute.

## ASSIGNMENT OF CAUSES OF ACTION TO PLAINTIFF

59. As a result of Defendant Scottsdale Insurance Company's denial of its duties and obligations to Spectra Productions, Inc., Spectra Productions, Inc. was deprived of a defense in the underlying action other than one purchased at its own expense.

60. The necessity of Spectra Productions, Inc.'s having to retain counsel to defend the underlying action at its own expense, defeated one of the primary purposes of Spectra Productions, Inc.'s purchase of the Policy.

61. Similarly, Defendant Scottsdale Insurance Company's wrongful denial of coverage with respect to all of the causes of action stated in the Complaint in the underlying action defeated the other primary purposes of Spectra Productions, Inc.'s purchase of the Policy.

62. Spectra Productions, Inc., Beale and Armentrout were faced with the prospect of having to incur continuing legal expenses to defend the underlying action, and being exposed to a potential judgment for which Defendant Scottsdale Insurance Company denied coverage under the Policy.

63. In the event of such a judgment being obtained by the Plaintiff in the underlying action, Spectra Productions, Inc., Beale and Armentrout would have had to pay the Plaintiff themselves, without being indemnified by Defendant Scottsdale Insurance Company.

64. Consequently, Spectra Productions, Inc., Beale and Armentrout for good and valuable consideration, agreed to the entry of judgment against it in the amount of $306,451.61 plus interest, and assigned its claims against Defendant Scottsdale Insurance Company to the Plaintiff.

65. Judgment was entered against Spectra Productions, Inc. in the amount of $306,451.61 in the underlying case on December 11, 2011. A copy of that judgment is attached hereto as Exhibit B.

66. The claims assigned to the Plaintiff by Spectra Productions, Inc. include those arising under the Policy, and those arising as a result of Defendant Scottsdale Insurance Company's conduct, acts and omissions, in responding to Spectra Productions, Inc. demands for a defense and coverage.

67. The claims asserted herein are those assigned to the Plaintiff by Spectra Productions, Inc.

**CONDUCT SUBJECTING DEFENDANTS TO LIABILITY FOR NON-COMPENSATORY DAMAGES**

68. The conduct of the Defendant Scottsdale Insurance Company was participated in or ratified by its parent company Nationwide.

69. The conduct of the Defendant Scottsdale Insurance Company agents and employees constituting bad faith was participated in, or ratified, by an officer or director of Defendant Scottsdale Insurance Company or Nationwide.

70. The demand for a defense of the underlying case made by or on behalf of Spectra Productions, Inc., Beale and Armentrout on the agents or representatives of Defendant Scottsdale Insurance Company.

71. The conduct of Defendant Scottsdale Insurance Company in failing to conduct a reasonable investigation and in declining a defense to Spectra Productions, Inc. and coverage under the policy was oppressive, fraudulent, malicious or outrageous.

**COSTS AND ATTORNEYS FEES**

72. Plaintiff has been required to retain the services of Seiniger Law Offices, P.A. and should be awarded her costs and attorney's fees herein under the provisions of the Idaho Human Rights Act and any statute authorizing such an award under said act, Idaho Code §12-121, and 12-123.

73. Plaintiff stands in the shoes of Spectra Productions, Inc. and is entitled to an award of attorney's fees under Idaho Code § 41-1839.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays judgment against the Defendants as follows:

1. For judgment in the amount of $306,451.61 plus interest from December 21, 2011, the date of entry of Judgment against Spectra Productions, Inc. in the underlying case.

2. For judgment in the amount Spectra Productions, Inc. damages resulting from its denial of a defense in the underlying case in an amount to be proven at trial.

3. For leave to amend this complaint to seek punitive damages.

4. For such other and further relief as may be equitable in the premises.

DATED: August 21, 2012.

Wm Breck Seiniger, Jr.
*Attorney for Plaintiff*

[illegible]
[illegible]
[illegible], Suite 1
Boise, Idaho 83702
Telephone: (208) 342-3501
Attorneys for Petitioners

FILED
[illegible] A.M. ____ P.M.
MAY 5 [illegible]
[illegible], CLERK

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

In the Matter of the Guardianship and Conservatorship of,
ROSALINDA HARM,
An Incompetent.

Case No. [illegible]

LETTERS OF GUARDIANSHIP

MICHAEL C. HARM is duly appointed and qualified as guardian of the above-named incapacitated person on the 5 day of May, 19[illegible], by the Court, with all authority pertaining thereto.

These letters are issued to evidence the appointment, qualification, and authority of the said guardian.

WITNESS my signature and the seal of the Court this 5 day of May, 19[illegible].

[illegible]
Magistrate Judge

Exhibit A

Harm#000302

NO. ______ FILED
A.M. 10:48 P.M.

DEC 13 2011

CHRISTOPHER D. RICH, Clerk
By MIREN OLSON
DEPUTY

Brad P. Miller, ISB No. 3630
Michelle R. Points, ISB No. 6224
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5240
Email: bmiller@hawleytroxell.com
mpoints@hawleytroxell.com

Attorneys for Defendants Spectra Productions, Inc. and David L. Beale, individually and as President of Spectra Production, Inc.

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| ROSALINDA HARN, by Michael Colin Harn, Court Appointed Guardian for Rosalinda Harn,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRA PRODUCTIONS, INC.; DAVID L. BEALE, individually and as President of Spectra Production, Inc.; CARLA ARMENTROUT, individually and as the agent of Spectra Productions, Inc.; and JOHN DOES I through X whose try identities are unknown,<br><br>Defendants. | Case No. CV OC 0919851<br><br>JUDGMENT AGAINST SPECTRA PRODUCTIONS, INC. |

Based upon the Stipulation and Consent to Entry of Judgment and Covenant Not to Execute filed herein, and subject to the terms of the Covenant Not to Execute entered into by and among Plaintiff Rosalinda Harn ("Harn"), and Defendants Spectra Productions, Inc. David L. Beale, individually and as President of Spectra Production, Inc. and Carla Armentrout as follows:

EXHIBIT B

REC'D DEC 14 2011

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, subject to the terms of the Stipulation and Consent to Entry of Judgment and Covenant Not to Execute, that Plaintiff Rosalinda Ham have judgment against the Defendant Spectra Productions, Inc. for the principal amount $306,451.61. Post-judgment interest on these amounts shall accrue at the rate established by statute, from the date of the entry of the Judgment by the Court until the Judgment is fully and finally satisfied.

DATED THIS 12 day of December, 2011.

Hon. Patrick Owen
District Judge

EXHIBIT B

**CLERK'S CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13 day of December, 2011, I caused to be served a true copy of the foregoing JUDGMENT AGAINST SPECTRA PRODUCTIONS, INC. by the method indicated below, and addressed to each of the following:

Wm. Breck Seiniger, Jr.
SEINIGER LAW OFFICES, P.A.
942 Myrtle Street
Boise, ID 83702
[Attorneys for Plaintiff]

X U.S. Mail, Postage Prepaid
___ Hand Delivered
___ Overnight Mail
___ E-mail
___ Telecopy (208) 345-4700

Robert B. White
Emily McClure
GIVENS PURSLEY LLP
601 W. Bannock Street
P. O. Box 2720
Boise, ID 83701
[Attorneys for Defendant Carla Armentrout]

X U.S. Mail, Postage Prepaid
___ Hand Delivered
___ Overnight Mail
___ E-mail
___ Telecopy (208) 388-1300

Brad P. Miller
Michelle R. Points
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, Idaho 83701-1617
[Attorneys for Defendants Spectra Productions, Inc. and David L. Beale, individually and as President of Spectra Production, Inc.]

X U.S. Mail, Postage Prepaid
___ Hand Delivered
___ Overnight Mail
___ E-mail
___ Telecopy (208) 954-5240

CHRISTOPHER RICH
Clerk of the Court

By [signature]
Deputy Clerk

DISTRICT COURT 4TH JUDICIAL DISTRICT ADA COUNTY IDAHO — SEAL OF THE DISTRICT COURT

EXHIBIT B